### SMITH *against* HAWKINS.

Where the indorsee of a negotiable promissory note, payable on the 2nd of *April*, demanded payment of the maker, on that day, and gave due notice to the indorser; after which the indorser, in consideration that the indorsee would forbear to sue the maker, agreed in writing on the back of the note to be holden as indorser until the 5th of *April*; it was held, that the indorser's liability on the first indorsement being fixed, by regular demand and notice, the second indorsement did not discharge that liability.

This was an action against *Abram Hawkins*, as the indorser of a promissory note for 100 dollars, made by *David Hawkins*, dated *September* 30th, 1820, payable to *Abram Hawkins*, or order, six months after date.

The declaration contained two counts. The first stated the making, delivery and indorsement of the note; and that on the 2nd of *April*, 1821, the plaintiff presented the note, with the indorsement, to the maker, and demanded payment, which was refused; and that on the same day, the plaintiff gave notice to the defendant of such presentment and non-payment, and that he should look to him for payment. The second count stated, That on the 2nd of *April*, 1821, the plaintiff demanded payment of the maker, which was refused; that he then gave notice to the defendant, and demanded payment of him; that the defendant did not make payment, but, in consideration that the plaintiff would forbear to sue the maker, the defendant agreed

and promised the plaintiff in writing on the back of the note, that he would be holden as indorser thereon, until the 5th day of *April,* 1821 ; that the plaintiff did forbear to sue according-ly ; that the maker wholly failed to pay said note, or any part thereof, on said 5th day of *April,* or at any other time ; and that. on said 5th day of *April,* the defendant had notice of the pre-mises.

The cause was tried, on the general issue, at *New-Haven, January* term, 1827, before *Brainard,* J.

The plaintiff adduced evidence to prove the averments in both counts, and claimed to have proved them. To prove the special indorsement alleged, the note was exhibited, with these words written on the back of it : "I indorse this note, to be holden for it until the 5th day of *April,* 1821." The judge charged the jury, that if they should find, from the evidence before them, that the facts stated in the first and second counts of the declaration, or either of them, were proved, it would be their duty to return a verdict for the plaintiff, on the count or counts so supported; otherwise the defendant would be enti-tled to a verdict. The jury gave a verdict for the plaintiff on both counts ; and the defendant moved for a new trial, for a misdirection.

*Sherman* and *Hitchcock,* in support of the motion, contend-ed, 1. That the note so indorsed, was not evidence on the first count; the indosement stated in that count being general, whereas the indorsement given in evidence was special. There was, indeed, a general indorsement ; but it was cancelled, by mutual consent, by the substitution of a new and different con-tract.

2. That this evidence was inadmissible on the second count. First, the contract therein set forth was in consideration of a forbearance to sue without reference to time. The proof was, of a forbearance to sue until the 5th of *April,* 1821. Second-ly, no demand on the 5th of *April,* 1821, was set forth in the declaration. The evidence was, therefore, inadmissible to shew a demand on that day. Thirdly, the contract stated was to be holden as indorser until the 5th of *April,* 1821 ; and was de-clared on according to its legal effect. By the evidence, the legal effect of the contract was, to be holden as indorser until the 8th of *April,* 1821—*i. e.* until the 5th, with the addition of three days of grace.

*New-Haven, July, 1827.*

Smith *v.* Hawkins.

*New-Haven,*
July,
1827.

Smith
*v.*
Hawkins.

*N. Smith* and *J. L. Tomlinson,* contra.   They cited *Foster* & al. v. *Jurdison* & al. 16 *East* 105.

BRAINARD, J.   The question is, was the charge correct ?   I am of opinion, that it was.

The only objection made to it, deserving consideration, is, that the second indorsement discharged the defendant's liability on the first.   I think there is no soundness in this objection. They were separate and distinct transactions ; the considerations were separate and distinct ; and so were the liabilities.

The holder of the note had a right to obtain as much security on his paper, as he could ; and whether he had pursued the various steps stated in his counts, or in either of them, against the indorser, were questions submitted to the jury, who found for the plaintiff on both.

I am of opinion, that if either of the two counts was supported, the verdict must stand ; that the second indorsement did not cancel the first ; that if the facts stated in the first count were found, by the jury, the defendant's liability was fixed ; if not found, the enquiry was still open on the second.*

I would not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.

---

* This opinion was copied from the one approved by the judges, and read in court, omitting a statement of the case, which preceded it.   A part of that statement, however, regarding the second count, varied from the copy of the declaration furnished to the Chief Justice, and used by the Reporter, inasmuch as the former contained an averment, that " on the 5th of *April,* 1821, the plaintiff again presented the note to the maker, and demanded payment," which was omitted in the latter.   It is not improbable, therefore, that Judge *Brainard's* remarks in relation to the second count, were made with reference to his own statement ; and, on this assumption, the Reporter has not epitomized them in his summary.   Still this does not affect the correctness of the decision upon the whole case ; for if the Court were right regarding the first count, the plaintiff was entitled to retain his verdict on that count, and, according to our rules, a new trial was properly denied.